ARKANSAS STATE HIGHWAY COMMISSION v.
W. D. FREYALDENHOVEN ET UX

5-4889                                    439 S.W. 2d 791

Opinion Delivered April 21, 1969
[Rehearing denied May 19, 1969.]

*Thomas B. Keys* and *Kenneth R. Brock* for appellant.

*Gordon, Gordon & Eddy* for appellees.

GEORGE ROSE SMITH, Justice.    In this eminent domain proceeding the appellant is condemning a right-of-way for Interstate 40 across the appellees' 300-acre farm, effectively cutting it in two.    The jury fixed the landowners' compensation at $20,000.    The only argument for reversal is the Commission's contention that there is no substantial evidence to sustain the landowners' claim for severance damages, which necessarily made up the greater part of the jury's verdict.

The controversy narrows down to the adequacy of an underpass which the condemnor constructed for the landowners' cattle to use in traveling from one side of the divided highway to the other.    There are pastures

on both sides.    It is an undisputed fact that in the land-
owners' cattle-raising operation the animals must be
transferred from one pasture to the other several times
a year.    If the cattle can be induced to use the under-
pass, then the severance damages will fall far short of
the amount of the verdict.    But if the landowners must
load their livestock in trucks and transport them to an
overpass half a mile away, then the verdict is not exces-
sive.

We must uphold the verdict.    The landowners re-
quested an underpass ten feet high and ten feet wide,
but the highway department engineers merely enlarged
a proposed concrete drainage culvert to dimensions of
five feet by five feet.    This tunnel is 165 feet long and
according to the proof is decidedly dark throughout much
of its length.    Witnesses for the landowners observed
snakes and mud in the tunnel.    Freyaldenhoven him-
self, an experienced cattle raiser, testified that his live-
stock refused to enter the underpass, which had been
completed before the trial.    He roped a gentle cow and
attempted to pull her through the tunnel, but the animal
balked.    The jury was shown a photograph depicting
that unsuccessful effort.    Another cattleman, the wit-
ness Grisswood, testified that in his opinion it would
not be possible to force cattle to use the underpass. Two
real estate appraisers also expressed that opinion.

The highway department countered that testimony
with the opinions of two other real estate appraisers
who thought that the underpass would serve its intended
purpose.    The department also offered the testimony
of a cattle raiser who had a similar tunnel on his prop-
erty in Clark county.    He testified that his cattle had
readily learned to use the underpass, though the jury
may have doubted his further statement that he had a
1,200-pound work horse that customarily went through
the tunnel "even though he had to squat just a little."
From what we have said it is evident that the decisive
issue was that of weighing the conflicting testimony of

experienced witnesses, all of whom were worthy of belief. Upon such an issue the verdict is conclusive.

Affirmed.